55 P.3d 896

STATE of Idaho, Plaintiff–Respondent,

v.

Michelle EGUILIOR, Defendant–Appellant.

Nos. 27359, 27360, 27361, 27362.

Court of Appeals of Idaho.

Sept. 25, 2002.

Molly J. Huskey, State Appellate Public Defender; Richard J. Hansen, Deputy Appellate Public Defender, Boise, for appellant. Richard J. Hansen argued.

Hon. Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, Chief Judge.

Michelle Eguilior appeals from her judgments of conviction for three counts of delivery of a controlled substance and one count each of trafficking in marijuana, possession with intent to deliver drug paraphernalia, and trafficking in methamphetamine. We vacate.

## I.

## FACTS AND PROCEDURE

During March 2000, a confidential informant working for the Twin Falls County sheriff's department made three controlled buys of marijuana from Eguilior on three different dates over the course of one week. Officers thereafter obtained a search warrant for Eguilior's home. The warrant was executed and officers discovered and seized large quantities of marijuana and methamphetamine, as well as items of drug paraphernalia.

The state opened four separate cases against Eguilior. Three cases each charged one count of delivery of a controlled substance, marijuana, (one for each controlled buy). I.C. § 37–2732(a). The fourth case charged one count of trafficking in marijuana by possession, I.C. § 37–2732B(a)(1)(A); one count of possession with intent to deliver drug paraphernalia, I.C. § 37–2734B; and one count of trafficking in methamphetamine by possession, I.C. § 37–2732B(a)(4)(A). The state moved to consolidate the four cases on the bases that it was in the interest of time and justice to do so and that the witnesses in all cases were similar, if not the same. Eguilior, who was represented by court-appointed counsel, did not object to the consolidation. On the day set for Eguilior's preliminary hearing, the magistrate granted the motion, and the cases were consolidated.

Eguilior thereafter hired private counsel. Approximately one week before trial in the district court, Eguilior filed a motion to sever the four cases on the basis that the consolidation would be prejudicial and that Eguilior did not understand the implications of the consolidation at the time it was ordered. The state opposed the motion contending that it was untimely and that Eguilior failed to show good cause or excusable neglect for the failure to file a timely motion. After a hearing, the district court denied the motion.

The jury found Eguilior guilty of all charges. Prior to sentencing, Eguilior filed a motion for new trial on the basis of jury misconduct. Eguilior supported the motion with affidavits that alleged that one of the bailiffs, without leave of the district court, made contact with the jury after it began deliberations. The district court held an evidentiary hearing and issued a written decision denying the motion.

On appeal, Eguilior argues that the district court abused its discretion when it denied Eguilior's motion to sever, that the district court erred when it failed to exclude certain evidence as a sanction for a discovery violation by the state, and that the district court erred when it denied Eguilior's motion for a new trial. As it is dispositive of Eguilior's appeal, we address initially the denial of the motion for new trial.

## II.

## ANALYSIS

### A. Motion for New Trial

Eguilior asserts that the district court erred when it denied her motion for new trial based on improper communications between the bailiff and the jury during the jury's deliberations. The bailiff had been seen in the courtroom on several occasions after being repeatedly instructed that she was not to

enter the courtroom while the jurors were there. The courtroom had been sealed off as an extension of the jury room.

After a hearing on the motion, the district court found that the bailiff had engaged in unauthorized contact with one or more jurors on at least three different occasions. The district court then evaluated whether there was a reasonable possibility that the presence of the extraneous information affected the verdict. The district court concluded that the bailiff's contacts with the jury did not reasonably result in prejudice and denied the motion.

 The decision whether to grant a new trial rests in the sound discretion of the trial court. *State v. Priest,* 128 Idaho 6, 15, 909 P.2d 624, 633 (Ct.App.1995). This Court will not reverse the trial court's decision on such a motion absent a showing of abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The grounds upon which a new trial may be granted are set out in I.C. § 19–2406. Eguilior's motion asserted that she was entitled to a new trial under subsection two, which provides for a new trial when the jury has received any evidence out of court other than that resulting from a view of the premises, and under subsection three, which provides for a new trial when the jury has been guilty of any misconduct by which a fair and due consideration of the case has been prevented. On appeal, Eguilior contends that the district court applied an incorrect legal standard when analyzing her motion and, thus, failed to act consistently with the applicable legal standards.

██ Where the jury, during its deliberations, receives out-of-court information or communications from the trial court, this Court applies a four-pronged test to determine whether the improper communications constitute reversible error. *See State v. Pratt,* 125 Idaho 546, 873 P.2d 800 (1993); *State v. Randolph,* 102 Idaho 153, 627 P.2d 782 (1981); *Rueth v. State,* 100 Idaho 203, 596 P.2d 75 (1978). In *Rueth,* the Idaho Supreme Court adopted the four-pronged test, which provides:

(1) It is for the losing party, in the first instance, to show that there was some communication off the record and not in open court. (2) The burden then shifts to the winning party to show what the communication was. If he cannot show what it was, the verdict must be set aside. (3) If he can show what the communication was but it appears to have been of such a character that it *may* have affected the jury, then the verdict must be set aside. (4) Only if it is made clearly to appear that the communication *could not have had any effect,* can the verdict be allowed to stand.

*Rueth,* 100 Idaho at 209, 596 P.2d 75, 81.

██ The state in this case concedes that the first prong has been met—there was some communication off the record and not in open court. The district court found that the bailiff had improper contact with the jury on at least three occasions after being told she was not to be in the courtroom. First, immediately after jurors were first brought into the courtroom to deliberate, the bailiff showed at least one juror what a marijuana seed looked like, gave an explanation as to how methamphetamine is manufactured, instructed the jury not to be in the courtroom with evidence without a bailiff, and told the jury to contact her if they wished to examine any evidence. Second, after the jurors had eaten dinner, the bailiff was seen standing near the doorway leading from the courtroom into the jury room. Later that evening, the bailiff was seen at the front of the courtroom standing in the doorway between the courtroom and the jury room. No jurors were in the courtroom, but instead were inside the jury room. The bailiff was seen talking into the jury room, presumably to one or more members of the jury.

Because the first prong has been met, the burden has been shifted to the state to show what the communication was and that the communication could not have had any effect upon the verdict. The state may make this showing by presenting the trial court with admissible evidence through the written record or oral testimony. In this case, the state has failed to show the content of two of the bailiff's contacts with the jury.[1] On the second incident when the bailiff made inappropriate contact with the jury, the individual reporting the incident saw the bailiff standing near the open doorway leading from the courtroom to the jury room but was unable to tell what the bailiff was doing. On the third occasion, the individual reporting the incident saw the bailiff speaking into the jury room while the jurors were present, but did not hear what had been said. Thus, we conclude that the state has not met its burden on the second prong. Therefore, we will not address whether the communications could have affected the verdicts. Pursuant to Idaho Supreme Court precedent, the verdicts must be set aside.

### B. Motion to Sever

Because of this Court's ruling on the motion for new trial, it is unnecessary to address Eguilior's arguments regarding the imposition of discovery sanctions. However, for guidance upon remand, the Court will discuss Eguilior's motion to sever.

Eguilior contended in her motion to sever that the only reason she and her court-appointed attorney consented to the initial motion to consolidate was because she and her attorney believed that Eguilior would be pleading guilty pursuant to a plea bargain. The state opposed the motion to sever on the bases that the motion was untimely and that Eguilior had failed to show any good cause or excusable neglect for the untimely filing. Eguilior's motion to sever was filed approximately five months after the entry of Eguilior's not guilty plea.

The district court held a hearing on the motion, during which counsel for Eguilior argued that because she was not bringing the motion pursuant to Idaho Criminal Rule 14, the time limit for filing such motions did not apply. The district court concluded that the motion was untimely, that trying the four cases together would not present a risk of cumulative evidence or confusing the jury, and that there was no danger that Eguilior would be unable to receive a fair trial. Therefore, the district court denied the motion.

On appeal, Eguilior concedes that the motion to sever was governed by I.C.R. 14 and the corresponding time limit for filing such motions set forth in I.C.R. 12(d). Eguilior argues that good cause existed to excuse the late filing because the only reason the cases were consolidated was because the parties believed they would soon be entering into a plea bargain. Eguilior further asserts that consolidation of the four cases prejudiced her because it magnified the possibility that the jury could find her guilty on one or more counts based on impermissible propensity evidence. Thus, Eguilior argues that the cases should have been severed because the evidence establishing her guilt in the delivery of marijuana cases was too prejudicial in the trafficking in methamphetamine case.

■ A motion to sever is directed to the trial court's discretion, and this Court will not overturn a denial of the motion unless the trial court has abused its discretion. *State v. Longoria*, 133 Idaho 819, 824, 992 P.2d 1219, 1224 (Ct.App.1999). As previously stated, when a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an

1. Concerning the bailiff involved, the district court specifically found, following the hearing on the motion for new trial, that the bailiff was not a credible witness, had been evasive in her answers, and inconsistent in her testimony. The district court noted that the bailiff denied being sworn in, claimed she had been in the jury room only once, and did not recall discussing the manufacturing of methamphetamine with a juror.

exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Idaho Criminal Rule 14 provides, in relevant part:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in a complaint, indictment or information or by such joinder for trial together, the court may order the state to elect between counts, grant separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

Idaho Criminal Rule 12(d) provides the time limitations for filing motions for severance under Rule 14:

> (d) Motions pursuant to Rule 12(b) must be filed within twenty-eight (28) days after the entry of a plea of not guilty or seven (7) days before trial whichever is earlier.... The court in its discretion may shorten or enlarge the time provided herein, and for good cause shown, or for excusable neglect, may relieve a party of failure to comply with this rule.

■ The first justification given by the district court in its order denying the motion is that the motion was untimely. The record in this case is devoid of any evidence presented by Eguilior showing that there was good cause or excusable neglect for the late filing. Rather, Eguilior argued before the district court that her motion was not brought pursuant to Rule 14 and, therefore, its filing deadlines did not apply in her case. Upon review, we conclude that Eguilior has failed to show that the district court erred in holding that her motion was untimely.

■ In addition, Eguilior has failed to demonstrate that the district court erred with respect to its ruling on the merits of Eguilior's motion to sever. When reviewing an order denying a motion to sever, the inquiry on appeal is whether the defendant has presented facts demonstrating that unfair prejudice resulted from a joint trial, which denied the defendant a fair trial. *State v. Cirelli*, 115 Idaho 732, 734, 769 P.2d 609, 611 (Ct.App.1989). In cases such as this, Idaho appellate courts review the trial proceeding to determine whether one or more of the following "potential sources of prejudice" appeared: (a) the possibility that the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (b) the potential that the defendant may be confounded in presenting defenses; and (c) the possibility that the jury may conclude the defendant is guilty of one crime and then find him or her guilty of the other simply because of his or her criminal disposition, *i.e.* he or she is a bad person. *See State v. Gooding*, 110 Idaho 856, 858, 719 P.2d 405, 407 (Ct.App.1986).

Eguilior contends that it was the third possibility that prejudiced her in this case. Eguilior's contention on this issue revolves around the trafficking in methamphetamine count in the fourth case. Eguilior contends that the marijuana delivery evidence was irrelevant to the methamphetamine count and too prejudicial for consolidation.

However, Eguilior's motion to sever did not attempt to separate the methamphetamine count from the marijuana counts in the fourth case. Instead, Eguilior moved to have the fourth case tried separately from the three marijuana delivery cases. Although the marijuana delivery evidence in the first three cases may have had little relevance to the methamphetamine count in the fourth case, the delivery evidence was closely related to the other counts in the fourth case. Two of the three counts in the fourth case related to marijuana. The first trafficking count in the fourth case was for trafficking in marijuana. The count charging Eguilior with possession with the intent to deliver drug paraphernalia specifically referred to pipes used for smoking marijuana. Even if the fourth case had been tried separately, evidence and information on the marijuana delivery counts likely would have gone before the jury because of its close relationship with the marijuana counts in the fourth case.

Additionally, the record discloses that the evidence supporting each of the cases was separate and distinct. There were three controlled buys on three separate dates, which created the basis for the three separate marijuana delivery cases. The trafficking and paraphernalia counts stemmed from a search

warrant executed on a fourth date. Although the same witnesses were, for the most part, involved in each of the cases, the witnesses were able to testify in such a manner as to separate what happened on one date versus another. Under these circumstances, there was little danger that the jury would confuse and cumulate the evidence.

Furthermore, the district court gave an instruction telling the jury to consider each count separately in order to prevent any potential misuse of the evidence by the jury. The instruction given to the jury repeated almost verbatim the language found in Idaho Criminal Jury Instruction 110, the pattern jury instruction used when a defendant is on trial for more than one offense. That instruction provides that:

> Each count charges a separate and distinct offense. You must decide each count separately on the evidence and the law that applies to it, uninfluenced by your decision as to any other count. The defendant may be found guilty or not guilty on any or all of the offenses charged.

We presume that the jury followed the district court's instructions. *See State v. Kilby,* 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct.App.1997); *State v. Hudson,* 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct.App.1996). For these reasons, Eguilior has failed to show that unfair prejudice resulted from her trial on the consolidated cases and has failed to show that the district court abused its discretion when it denied her motion to sever.

## III.

## CONCLUSION

The district court did not abuse its discretion when it denied Eguilior's motion to sever. Eguilior had failed to argue below that there was good cause or excusable neglect for the untimely filing of the motion and failed to present facts demonstrating that unfair prejudice resulted from the joint trial. As to Eguilior's motion for a new trial, the state failed to show the content of the inappropriate communications made by the bailiff to the jury. Thus, pursuant to Idaho Supreme Court precedent, it was error for the district court to deny Eguilior's motion for a new trial. Therefore Eguilior's judgments of conviction are vacated.

Judge LANSING and Judge GUTIERREZ concur.