# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 41821/41822

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 28 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 19, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LEROY S. WILSKE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying motion to sever charges for trial and order revoking probation, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

LANSING, Judge

Leroy S. Wilske was convicted of three charges that had been tried together: driving under the influence of alcohol (DUI), possession of a controlled substance, and possession of drug paraphernalia. He argues that the trial court erred in denying his motion to sever the possession charges from the DUI charge for trial. He contends that the jurors who found him guilty of the DUI offense may have been prejudiced against him by their knowledge that he possessed marijuana.

1

# I.

# BACKGROUND

Wilske was arrested for DUI, and in a search after that arrest officers found marijuana and two items of drug paraphernalia. Wilske was charged with felony DUI and cited for misdemeanor possession of marijuana and possession of drug paraphernalia. Although the felony DUI charge was originally filed in a separate case from the misdemeanor charges, the cases were consolidated by the magistrate court. The State thereupon filed a single information alleging all three charges.

Wilske filed a motion to sever the possession charges and the DUI charge. He argued that the drug charges were not relevant to the determination of guilt in the DUI case and that the jury would infer "he's a drug possessor . . . therefore, he's probably a drunk driver too." The State opposed severance, arguing that the possession charges were not "serious charges" that would prejudice the jury against Wilske and that the jury would not be confused by the multiple charges because the disputed issues in the case were narrow.

The district court denied the severance motion, reasoning that the charges were clearly distinguishable. Although the court resisted the State's characterization of marijuana possession as a less serious crime, it agreed that the jury was unlikely to infer that Wilske was a bad person or had a criminal disposition from the fact that he possessed a small amount of marijuana. The court held that any potential prejudice would be mitigated by an instruction explaining that the jury would be required to "consider each count separately and independently."

At trial, the State presented evidence that officers encountered Wilske in his vehicle, parked to the side of a rural road in the early afternoon. The vehicle was running and Wilske was seated in the driver's seat, texting, with an open container of beer between his legs. Wilske told the officer he had consumed only a single beer that day, but the officers were suspicious because he had bloodshot eyes, his speech was slurred, and he smelled of alcohol. After Wilske failed field sobriety tests, he was arrested. The officers searched Wilske's vehicle and found several full beer cans and several empty beer cans. They also discovered a grinder that contained marijuana and a glass pipe. Wilske admitted that he had smoked marijuana in recent days but indicated that the items in the car belonged to a friend. At the jail, he submitted to a breath test which showed his blood alcohol content to far exceed the legal limit.

In Wilske's trial testimony, he said that he had consumed only one can of beer before pulling his car to a stop. He said he drank additional cans of beer after stopping his car. Accordingly, he conceded that his statement to officers, telling them that he had only consumed a single beer, was dishonest. Wilske also testified that he did not feel intoxicated at the time the police came upon his vehicle, but as time passed, he felt more intoxicated, particularly at the point where he began the stand-and-turn test.

The jury returned guilty verdicts on all three charges. On appeal, Wilske argues that the district court erred in denying his motion for severance of his misdemeanor possession charges from his DUI charge. He asserts that the joinder prejudiced him in his DUI defense because the jury could have first found him guilty of the misdemeanors and then found him guilty of DUI simply because he appeared to have a criminal disposition.

## II.

## ANALYSIS

Idaho Criminal Rule 8(a) authorizes the State to join two or more charges where they "are based on the same act or transaction . . . or constitut[e] parts of a common scheme or plan." Even where the joined offenses meet the commonality requirements of Rule 8(a), however, the defendant may obtain relief from the joinder pursuant to Idaho Criminal Rule 14, by showing that joinder will result in unfair prejudice.[1] *State v. Field*, 144 Idaho 559, 564-65, 165 P.3d 273, 278-79 (2007); *State v. Anderson*, 138 Idaho 359, 361, 63 P.3d 485, 487 (Ct. App. 2003).

---

[1]     Idaho Criminal Rule 14 states, in part:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in a complaint, indictment or information or by such joinder for trial together, the court may order the state to elect between counts, grant separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

Thus, a defendant may be entitled to severance of the joined charges on either of two independent grounds--that the charges do not meet the criteria for joinder under Rule 8 in the first instance or that even though Rule 8 is satisfied, the joinder would unfairly prejudice the defendant. *See State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Anderson*, 138 Idaho 359, 361 n.1, 63 P.3d 485, 487 n.1 (Ct. App. 2003); *State v. Longoria*, 133 Idaho 819, 824 n.3, 992 P.2d 1219, 1224 n.3 (Ct. App. 1999). Here, Wilske does not contest the propriety of the joinder under Rule 8(a) but holds that he was entitled to severance to avoid undue prejudice pursuant to Rule 14.

In addressing motions to sever based upon I.C.R. 14, Idaho courts have generally considered three potential sources of prejudice that were identified in *State v. Abel*, 104 Idaho 865, 664 P.2d 772 (1983) as follows:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude that the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*Id.* at 867-68, 664 P.2d at 774-75 (quoting *United States v. Foutz*, 540 F.2d 733, 736 (4th Cir. 1976)); *see also State v. Longoria*, 133 Idaho 819, 824, 992 P.2d 1219, 1224 (Ct. App. 1999).

An abuse of discretion standard is applied when reviewing the denial of a motion to sever charges for trial pursuant to I.C.R. 14. *Field*, 144 Idaho at 564, 165 P.3d at 278. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

In this case, Wilske focuses on the last of the *Abel* factors, the possibility that the jury may conclude the defendant is guilty of one crime and then find him guilty of the other simply because of his perceived criminal disposition. In considering this factor in *Abel*, our Supreme Court examined whether, if the counts had been tried separately, the evidence of the separate alleged offenses could have been admitted in the different trials. *Abel*, 104 Idaho at 868, 664 P.2d at 775. The Court noted that generally unfair prejudice from joinder would not be found if, with separate trials conducted, "evidence of one crime could be admitted at [the] separate trial of the other." *Id.* (quoting *Foutz*, 540 F.2d at 739 n.6). The Court recognized that under Idaho law, "evidence of other criminal acts or offenses is inadmissible to show criminal propensity." *Id.* at 869. The Court then applied the analysis ordinarily used to address an objection made under

4

Idaho Rule of Evidence 404(b).[2]  Thus, in *Abel*, the Court expressed that the I.R.E. 404(b) analysis was useful and a proper factor to be considered when determining whether to sever charges under I.C.R. 14.

*Abel* cannot be read, however, to hold that the Rule 404(b) analysis wholly determines the propriety of severance because the opinion contains an express caveat.  *See Abel*, 104 Idaho at 870, 664 P.2d at 777.  After completing the Rule 404(b) analysis, the Court said:

> Even if some part of the evidence of either of the incidents were inadmissible in a separate trial of the other, we would still find no error in the trial court's ruling because the evidence was simple and distinct.

*Id.*  Similarly, in *State v. Eguilior*, 137 Idaho 903, 908, 55 P.3d 896, 901 (Ct. App. 2002), in giving guidance for a new trial on remand, we suggested that even if evidence of marijuana offenses was irrelevant to a methamphetamine trafficking charge that was tried with the marijuana counts, the district court had not erred in refusing to sever the trials.  Our decision relied in part upon a clear instruction requiring the jury to consider each count separately and upon our assessment that the evidence supporting each of the cases was "separate and distinct," which reduced the danger that the jury would confuse and cumulate the evidence.  *Id.*  Accordingly, showing that evidence regarding one offense could not be admitted in a separate trial on the other offense does not *ipso facto* establish that severance is required.  Rather, the ultimate question is whether the evidence of multiple offenses in a joint trial was unfairly prejudicial to the defendant with respect to any of the individual charges.

Countless Idaho cases have held that although some inadmissible evidence was allowed at trial, including evidence that was barred by I.R.E. 404(b), the error was not prejudicial and therefore did not warrant a new trial.  *See, e.g.*, *State v. Hill*, 154 Idaho 206, 211, 296 P.3d 412, 417 (Ct. App. 2012) (assuming, but not deciding that evidence was inadmissible because it was irrelevant, the admission of that evidence was harmless); *State v. Gerardo*, 147 Idaho 22, 27, 205 P.3d 671, 676 (Ct. App. 2009) (admission of inadmissible hearsay was harmless); *State v. Teasley*, 138 Idaho 113, 118, 58 P.3d 97, 102 (Ct. App. 2002) (evidence that a defendant had

---

[2]    *Abel* did not literally apply Idaho Rule of Evidence 404.  *Abel* was decided in 1983 and Idaho Rule of Evidence 404 was not adopted until 1985.  Rather, the Court applied the equivalent common law rule.  Because the differences in the two rules are not pertinent to this appeal, we nonetheless refer to this analysis as the I.R.E. 404(b) analysis, using that label as a shorthand.

previously lied to police was not admissible over an I.R.E. 404(b) objection, but the erroneous admission of the evidence was harmless); *State v. Welker*, 129 Idaho 805, 811, 932 P.2d 928, 934 (Ct. App. 1997) (evidence of prior sex crime was inadmissible in a lewd conduct case, but the error was harmless because the defendant had confessed that he had committed the crime); *State v. Boman*, 123 Idaho 947, 950-51, 854 P.2d 290, 293-94 (Ct. App. 1993) (evidence that the defendant was addicted to drugs was relevant only to propensity and therefore inadmissible under I.R.E. 404(b), but was harmless given the strength of the State's case); *State v. Medrano*, 123 Idaho 114, 120, 844 P.2d 1364, 1370 (Ct. App. 1992) (in a kidnapping case, evidence that the defendant cat-called young girls was inadmissible under I.R.E. 404(b), but the error was harmless). Thus, a joinder that would allow a jury to hear evidence that would be inadmissible under I.R.E. 404(b) because it is irrelevant is not necessarily unfairly prejudicial, requiring that the charges be tried separately. A court still must determine whether hearing such inadmissible evidence in a joined trial might lead the jury to "conclude the defendant is guilty of one crime and then find him guilty of the other simply because of his criminal disposition."

The record shows that the district court here considered the factors identified in *Abel* and *Eguilior* when determining whether the charges should be severed. Upon conducting that analysis, the district court concluded that Wilske would not be prejudiced by a joint trial of the charges. As in *Eguilior* and *Abel*, the district court reasoned that the charges were separate and distinct; the evidence used to prove the possession offenses was distinct from the evidence used to prove the DUI offense. As in *Eguilior*, the court reasoned that a jury instruction would effectively guide the jury away from impermissible inferences of guilt.[3] Most importantly, the court directly addressed the issue of prejudice, concluding that, given the specific facts of the case, the jury was not likely to infer from the misdemeanor possession charges that Wilske must also be guilty of DUI because he had a criminal disposition.

Wilske has not demonstrated that the district court's reasoning was inconsistent with the applicable legal standards or was otherwise deficient. The misdemeanor charges here were

---

[3]    The jury was properly instructed:

> Each count charges a separate and distinct offense. You must decide each count separately on the evidence and the law that applies to it, uninfluenced by your decision as to any other count. The defendant may be found guilty or not guilty on any or all of the offenses charged.

minor offenses, not of an inflammatory nature, and not likely to cause the jury to view Wilske as having a criminal disposition. Accordingly, we hold that the district court did not abuse its discretion in denying Wilske's motion to sever the charges in this case.[4]

The judgment of conviction is affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**

---

[4] Wilske has also raised as an issue on appeal a claim that the court erred in revoking his probation in an unrelated case because there was no substantial evidence to support a finding that he had violated his probation terms. However, Wilske himself admitted the violation, and this admission is sufficient to support a finding that a violation occurred. *See State v. Chavez*, 134 Idaho 308, 312, 1 P.3d 809, 813 (Ct. App. 2000). Therefore, we do not further address this issue.