IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42506

| | | |
|---|---|---|
| JOSHUA McGIBONEY, | ) | 2016 Opinion No. 8 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 10, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgments summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

GUTIERREZ, Judge

Joshua McGiboney appeals from the district court's summary dismissal of his petition for post-conviction relief. Specifically, McGiboney argues the district court erred in denying his request to conduct DNA testing on the firearm, magazine, and fired and unfired shell casings found at the scene of the crime. McGiboney further contends his trial counsel rendered ineffective assistance of counsel by failing to file a motion to sever the unlawful possession of a firearm charge from the remaining offenses. For the reasons discussed below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2008, a jury found McGiboney guilty of robbery, aggravated battery, burglary, and unlawful possession of a firearm. McGiboney filed a petition for post-conviction relief on April 4, 2014, requesting DNA testing on evidence used at trial and alleging his trial counsel

1

rendered ineffective assistance of counsel. In his petition, McGiboney indicated that he attached an affidavit from a DNA expert. The affidavit was not attached. Instead, McGiboney attached an exhibit that read, "Affidavit of [DNA expert] (to be provided at a later date)." On April 8, 2014, McGiboney filed the DNA expert's affidavit. The State responded with a request for summary dismissal. The district court first summarily dismissed McGiboney's request for DNA testing. In a separate judgment, the district court summarily dismissed McGiboney's ineffective assistance of counsel claim. McGiboney appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible

2

evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State,* 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

A.    DNA Testing

McGiboney argues the district court erred when it refused to consider an affidavit that was filed four days after his petition for post-conviction relief in support of his DNA testing claim. Alternatively, McGiboney maintains the district court erred in denying his motion to amend his petition to include the affidavit pursuant to Idaho Rule of Civil Procedure 15(a). Finally, McGiboney contends the district court erred in summarily dismissing his request for DNA testing.

Idaho Code § 19-4902(b) permits a petitioner to file a petition for DNA testing on evidence that was secured in relation to the trial which resulted in the petitioner's conviction, but which was not subject to the testing that is now requested because the technology for the testing was unavailable at the time of trial. Thus, it is a prerequisite for post-conviction DNA testing that the technology was unavailable at the time of trial. Once the prerequisite is established, and pursuant to I.C. § 19-4902(c), a post-conviction petitioner must present a prima facie case to secure DNA testing of evidence: the petitioner must show that "identity was an issue in the trial which resulted in his or her conviction," and that "the evidence to be tested has been subject to a chain of custody sufficient to establish that such evidence has not been substituted, tampered with, replaced or altered in any material aspect." The trial court shall allow testing if it determines that "the result of the testing has the scientific potential to produce new, noncumulative evidence that would show it is more probable than not that the petitioner is innocent," and "the testing method requested would likely produce admissible results under the Idaho rules of evidence." I.C. § 19-4902(e)(1)-(2).

The district court determined that the DNA expert's "affidavit failed to make an unqualified statement that the DNA testing now sought by the Petitioner was not available at the time of his trial." We agree. The affidavit states that "touch DNA" technology was developed and came to wide attention between 2007 and 2012, but the affidavit does not allege that such technology was unavailable during the time of trial. The affidavit further notes that "additional strides have been made for obtaining DNA results from small or degraded samples" and that "the chances of getting probative results from small or degraded samples . . . are dramatically better today than they were in 2008." But again, these vague statements do not suffice to demonstrate that the technology was unavailable at the time of trial. Technology is not unavailable at trial merely because technology is now "dramatically better." Finally, while Idaho case law does not

4

indicate when touch DNA became available in Idaho, it was available in other states before 2008. *See, e.g.*, *State v. Solman*, 29 A.3d 183, 186 n.3 (Conn. App. Ct. 2011) (petitioner and state stipulated that "the Connecticut State Police Forensic Science Laboratory has had the technology to conduct 'touch DNA' testing since 1998"). Because the affidavit failed to meet the prerequisite asserting that the DNA touch technology was unavailable in 2008, the district court did not err in summarily dismissing the DNA testing claim.[1]

**B.     Ineffective Assistance of Counsel**

Additionally, McGiboney argues the district court erred in refusing to conduct an evidentiary hearing on whether his trial counsel rendered ineffective assistance of counsel. This claim is based on trial counsel's refusal to file a motion to sever the unlawful possession of a firearm charge, which was based upon his prior felony conviction of aggravated assault. The district court summarily dismissed this claim, determining that McGiboney failed to raise a genuine issue of material fact with regard to prejudice.

In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State*, 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court is generally determinative of both prongs of the *Strickland* test. *Boman*, 129 Idaho at 526, 927 P.2d at 916.

Initially, we note that McGiboney did not allege in his petition that the motion to sever would have been successful. McGiboney merely stated that he "asked counsel to move to sever the felon in possession charge from the other counts, but he refused to do so." McGiboney's allegations fell short of making out a prima facie case on his ineffective assistance of counsel claim. The district court therefore properly summarily dismissed this claim.

In the alternative, considering the merits, the motion to sever was unlikely to succeed. The charges, including the unlawful possession of a firearm charge, were properly joined pursuant to Idaho Criminal Rule 8 because the charges were "based on the same act or transaction." Indeed, McGiboney used the firearm in the course of the robbery, burglary, and

---

[1]     Because the affidavit was insufficient, we need not address its timeliness or the motion to amend to add the affidavit.

5

aggravated battery. However, a defendant may obtain relief from joinder, pursuant to Idaho Criminal Rule 14, by showing that joinder will result in unfair prejudice. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Wilske*, 158 Idaho 643, 645-46, 350 P.3d 344, 346-47 (Ct. App. 2015). In addressing motions to sever based upon Rule 14, Idaho courts generally consider three potential sources of prejudice:

> (1) the jury may confuse and cumulate the evidence, and convict the defendant of one or both crimes when it would not convict him of either if it could keep the evidence properly segregated; (2) the defendant may be confounded in presenting defenses, as where he desires to assert his privilege against self-incrimination with respect to one crime but not the other; or (3) the jury may conclude the defendant is guilty of one crime and then find him guilty of the other because of his criminal disposition.

*State v. Abel*, 104 Idaho 865, 867-68, 664 P.2d 772, 774-45 (1983). A motion to sever is directed to the trial court's discretion and is only overturned if the trial court abused its discretion. *State v. Dambrell*, 120 Idaho 532, 537, 817 P.2d 646, 651 (1991).

McGiboney notes in his appellant's brief that the evidence of his prior felony conviction--which led to the unlawful possession of a firearm charge--is prejudicial because "it could lead a jury to convict an individual based solely on what he may have done in the past, not what he is currently charged with." In essence, McGiboney argues the evidence of his prior felony conviction was inadmissible character evidence, barred by Idaho Rule of Evidence 404(b). However, evidence barred by Rule 404(b) does not necessarily result in prejudicial error. *Wilske*, 158 Idaho at 347, 350 P.3d at 646. A court must still determine whether hearing such inadmissible evidence in a joined trial might lead the jury to conclude the defendant is guilty of one crime and then find him guilty of the other simply because of his criminal disposition. *Id.* Even if this Court were to assume that the evidence of McGiboney's prior felony conviction was inadmissible, any error in admitting the evidence is not unfairly prejudicial because the jury was not informed of the nature of the prior felony conviction. McGiboney failed to establish that the jury may have concluded that McGiboney was guilty of one crime simply because he has a prior felony conviction.

Similarly, in *Wilske*, we determined that the district court properly denied a motion to sever a charge because the charge was not prejudicial. *Id.* at 348, 350 P.3d at 647. We reasoned, "The misdemeanor charges here were minor offenses, not of an inflammatory nature, and not likely to cause the jury to view [the defendant] as having a criminal disposition." *Id.* Here,

6

while the charge that McGiboney wanted to sever was a felony charge, the jury was unaware of the nature of the prior felony conviction. The jury's mere knowledge that McGiboney had a prior felony conviction was not prejudicial, so the motion to sever was unlikely to succeed. Therefore, the district court properly summarily dismissed this claim.

## III.

## CONCLUSION

The district court did not err in refusing McGiboney's request for DNA testing because the affidavit failed to demonstrate that the technology was unavailable at the time of trial. Additionally, McGiboney failed to raise a genuine issue of material fact that his trial counsel rendered ineffective assistance of counsel because McGiboney did not allege or establish that his motion to sever would have been successful. Accordingly, the district court properly summarily dismissed McGiboney's petition for post-conviction relief. We therefore affirm the district court's judgments.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.