769 P.2d 609

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Richard Frank CIRELLI, Defendant–Appellant.**

**No. 17135.**

Court of Appeals of Idaho.

March 3, 1989.

August H. Cahill, Jr., Deputy Ada County Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

After a jury found Richard Cirelli guilty of one count of grand theft and of two counts of grand theft by possession of sto-len property, a judgment of conviction was entered imposing concurrent, ten-year sentences with a minimum three-year period of confinement for each count. I.C. § 19–2513. Cirelli has appealed. The issues are whether the district court should have granted Cirelli's motion to sever and whether the district court abused its sentencing discretion. We affirm.

## MOTION TO SEVER

Based on information from a confidential informant that Cirelli possessed stolen property in his apartment, police obtained a search warrant and searched Cirelli's apartment. The search revealed numerous items that had been taken in various recent burglaries. Some of the stolen property was recognized by the police as items reported missing from a storage unit which had been unlawfully entered sometime during the week prior to the search. The storage unit was adjacent to one rented by Cirelli.

Cirelli was charged with one count of grand theft for the removal of property from the storage unit, or in the alternative, grand theft by possession of property stolen from the storage unit; and he was charged with two counts of grand theft by possession of other property stolen in two more recent burglaries. All three counts were charged on the same information. Prior to trial Cirelli filed a motion to sever the counts for separate trials, arguing that a trial on all three counts would be unduly prejudicial and that the counts were not properly joined. The district court found that the counts were properly joined and held that Cirelli had not demonstrated any unfair prejudice. For his defense at trial Cirelli offered the testimony of Warren Shaw, the brother of his girlfriend. During his testimony, Shaw admitted to stealing all of the property in question here. He further explained that he stored the property at Cirelli's apartment but he said Cirelli was unaware that the property was stolen.

Our analysis begins with Cirelli's argument that the three counts were im-

properly joined on the same information. Under I.C.R. 8(a), two or more offenses may be charged on the same information if the offenses are based on "acts or transactions connected together...." The offenses charged in all three counts related to possession of stolen property. Although count one alternatively charged Cirelli with grand theft, all of the offenses charged were part of a series of events showing Cirelli possessed property stolen in recent burglaries and thefts. Accordingly, joinder under Rule 8(a) was proper. *Cf. State v. Townson,* 29 Wash.App. 430, 628 P.2d 857 (1981) (series of thefts, burglaries and possession of stolen property sufficiently connected together for joinder).

■ We next examine the question whether, under I.C.R. 14, Cirelli should have been given separate trials due to prejudice arising from the joinder. Motions to sever based on prejudicial joinder are directed to the trial court's discretion. *State v. Abel,* 104 Idaho 865, 664 P.2d 772 (1983). We will not set aside a trial court's denial of a motion to sever unless an abuse of discretion is shown. The criminal defendant has the burden of showing an abuse of discretion. *State v. Abel, supra.* The inquiry on appeal is whether the defendant has presented facts demonstrating that unfair prejudice resulted from a joint trial, which denied him a fair trial. *See State v. Abel, supra; State v. Gooding,* 110 Idaho 856, 719 P.2d 405 (Ct.App.1986); *People v. Early,* 692 P.2d 1116 (Colo.Ct.App.1984).

■ Cirelli first argues he was unduly prejudiced by joinder because of the risk that the jury might have reached a guilty verdict based solely on the evidence of Cirelli's wrongdoing. When considering the potential prejudice under such situations, we will determine whether, if the counts had been tried separately, the separate evidence of each count could have been admitted as evidence in the separate trial of each count. *State v. Abel, supra.* If so, we cannot say that any prejudice generated by such evidence was unfair.

■ Through his defense, Cirelli directly placed his intent with regard to the stolen property in issue. Evidence of other crimes, wrongs, or acts is admissible to prove intent or absence of mistake. I.R.E. 404(b). Evidence of the quantity of stolen property found in Cirelli's possession, and evidence of Cirelli's apparent use of the property, would tend to show a lack of mistake as to Cirelli's knowledge of the stolen nature of the property and would tend to show Cirelli possessed the property with the intent to deprive the owners of its use. Consequently, we hold that no unfair prejudice resulted on this ground.

■ Cirelli's final argument of prejudicial joinder is that the jury would assume he was guilty of all counts because of evidence showing guilt as to one count. Apparently, Cirelli contends the jury may confuse and cumulate the evidence presented in this case. The test we apply on appeal is whether the facts relating to each charged offense were so distinct and simple that there was little risk the jury would have cumulated or confused the evidence. *State v. Abel, supra.*

■ The transcript reveals that the evidence was presented in a direct, straightforward manner. Each of the three victims testified as to the property taken from him or her. Each victim identified the property, which had been recovered in the search of Cirelli's apartment, belonging to him or her. The jury was properly instructed on the reasonable doubt standard, on the elements required for each charged offense, and that each count charged constituted a separate and distinct offense which must be decided separately on the evidence and law applicable to it, uninfluenced by the jury's decision on any other count. We conclude that Cirelli has failed to demonstrate unfair prejudice resulting from the joint trial. Accordingly, we hold that the district court did not abuse its discretion in denying Cirelli's motion to sever.

## SENTENCE REVIEW

The judgment of conviction imposed a ten-year sentence with a minimum three-year period of confinement for each count, the sentences to run concurrently. These

sentences are lawful, being within the maximum penalties authorized by law.  I.C. §§ 18–2403, –2407 and –2408.

 Cirelli's presentence investigation report shows a prior conviction for armed robbery in California.  Cirelli had been incarcerated for that robbery and had been on parole for just over eighteen months when the present offenses occurred.  At the sentencing hearing Cirelli presented evidence in mitigation of punishment.  The record shows Cirelli was twenty-four years old at the time of sentencing, had good family support and had performed well under supervised parole.  The transcript shows the sentencing judge took this evidence into consideration.  However, the court was concerned with Cirelli's failure to acknowledge his guilt and with his somewhat violent past.  The court determined that incarceration was necessary to protect society and to minimize the likelihood that Cirelli would engage in further criminal behavior.

We believe the court gave sound reasons for its sentencing decision.  Having reviewed the full record and having considered the sentencing criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district court did not abuse its sentencing discretion.

The judgment of conviction, including the sentences imposed, is affirmed.

WALTERS, C.J., and BURNETT, J., concur.