# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42103

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Opinion No. 24S |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 15, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DOMINGO JESUS DIAZ aka | ) | SUBSTITUTE OPINION |
| MARTINES; MARTINEZ-DIAZ, | ) | THE COURT'S PRIOR OPINION |
| | ) | DATED MAY 6, 2015 IS |
| Defendant-Appellant. | ) | HEREBY WITHDRAWN |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment of conviction and sentences of a unified term of twenty years, with a minimum period of confinement of ten years, for battery with intent to commit rape and a consecutive indeterminate term of fifteen years for assault with intent to commit rape, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Domingo Jesus Diaz appeals from his judgment of conviction for assault with intent to commit rape and battery with intent to commit rape. He contends that the district court erred in denying his motion to sever the two counts and allowing the state to introduce I.R.E. 404(b) character evidence. He also contends that his sentences are excessive. For the reasons set forth below, we affirm.

1

# I.

## FACTS AND PROCEDURE

On May 21, 2013, an individual, later identified as Diaz, was waiting outside of a bar. An intoxicated woman exited the bar around midnight and Diaz asked her for a cigarette. He then began following her as she walked to a friend's home a short distance away. She eventually noticed that Diaz was following her and asked what he was doing. Diaz did not respond and continued to follow her. She again asked him what he was doing, and he again did not respond. Instead, he reached around her and poked at her genitals twice. The victim protested and tried to run away. Diaz chased the victim, tackled her to the ground, straddled her, and pinned down her arms. Diaz began manipulating his waistband area and the victim screamed for help, drawing the attention of at least one resident in the area. Diaz then punched the victim in the face and fled.

Approximately one week later, Diaz was again waiting outside the same bar late at night and began following another intoxicated woman as she left. Diaz tried to coax the woman toward darker and more isolated areas, but the woman refused. She entered another nearby bar, where she remained for a few hours. Diaz waited outside the second bar until the woman left, and he again followed her. The woman asked him what he was doing and he responded that they were friends, which the woman denied. She told Diaz that it was not okay to wait for her and follow her, but Diaz continued to do so. The woman began walking faster as Diaz continued to try to coax her into the shadows. She eventually began to run and Diaz gave chase, grabbing her just as she reached her sister's house. She shoved him, breaking free from his grip, and ran to the door. She rang the doorbell and Diaz fled.

The first victim reported the incident to police and identified Diaz from a photo lineup. When questioned by police about the first incident, Diaz described the second incident that had not yet been reported. The police subsequently spoke to the second victim, who also identified Diaz from the same photo lineup.

Diaz was charged with battery of the first victim with intent to commit rape, I.C. §§ 18-903(a) and 18-911, and assault of the second victim with intent to commit rape, I.C. §§ 18-901 and 18-909. The two counts were charged in the same indictment. Arguing that unfair prejudice would result from a joint trial, Diaz filed a motion to sever the charges pursuant to I.C.R. 14,

2

which the district court denied after a hearing. The state then filed notice of its intent to use I.R.E. 404(b) evidence of other bad acts--specifically, evidence forming the basis in each count in the state's case-in-chief for the other count--and sought a motion in limine allowing that evidence, which the district court granted after a hearing. The jury found Diaz guilty of both counts. The district court sentenced Diaz to a unified term of twenty years, with a minimum period of confinement of ten years, for battery with intent to commit rape, and a consecutive indeterminate term of fifteen years for assault with intent to commit rape. Diaz appeals.

## II.

## ANALYSIS

Diaz contends that the district court erred in denying his motion to sever and in admitting evidence relevant only to his criminal propensity at trial.[1] Additionally, he alleges that the district court abused its sentencing discretion.

### A. Motion to Sever

An abuse of discretion standard is applied when reviewing the denial of a motion to sever joinder pursuant to I.C.R. 14, which presumes that joinder was proper in the first place.[2] *State v. Field*, 144 Idaho 559, 564-65, 165 P.3d 273, 278-79 (2007). Diaz does not challenge the propriety of the initial joinder of the counts, so we address only the district court's denial of Diaz's motion to sever based on the district court's finding that the evidence from each count was relevant to the other count and that no unfair prejudice would result at trial from the joinder. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and

---

[1]     Diaz asserts as an independent alternative basis for reversal that the evidence of each crime constituted inadmissible Rule 404(b) evidence as to the other crime. Because our analysis of the motion to sever incorporates a Rule 404(b) analysis, we need not address Diaz's argument separately.

[2]     Idaho Criminal Rule 14 provides, in pertinent part:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses . . . in a complaint, indictment or information or by such joinder for trial together, the court may order the state to elect between counts, grant separate trials of counts . . . or provide whatever other relief justice requires.

consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The inquiry on appeal from the denial of a motion to sever is whether the defendant has presented facts demonstrating that unfair prejudice resulted from a joint trial. *State v. Eguilior*, 137 Idaho 903, 908, 55 P.3d 896, 901 (Ct. App. 2002); *State v. Cirelli*, 115 Idaho 732, 734, 769 P.2d 609, 611 (Ct. App. 1989). When dealing with separate counts that have been properly joined based on their same or similar character, Idaho appellate courts review the trial proceeding to determine whether one or more of the following potential sources of prejudice appeared: (a) the possibility that the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (b) the potential that the defendant may be confounded in presenting defenses; and (c) the possibility that the jury may conclude the defendant is guilty of one crime and then find him or her guilty of the other because of his or her criminal disposition. *State v. Abel*, 104 Idaho 865, 867-68, 664 P.2d 772, 774-75 (1983); *State v. Gooding*, 110 Idaho 856, 858, 719 P.2d 405, 407 (Ct. App. 1986).

Diaz contends that the third potential source of prejudice occurred. To address such claims, the Idaho Supreme Court has utilized an analysis that looks at the evidence of the separate counts to determine whether, if the counts had been tried separately, the separate evidence could have been admitted in the separate trials. *See Abel*, 104 Idaho at 868, 664 P.2d at 775; *Cirelli*, 115 Idaho at 734, 769 P.2d at 611. When dealing with the third potential source of prejudice, a Rule 404(b) analysis is useful in determining the admissibility of evidence of one crime in a separate trial for the other crime.[3] *Abel*, 104 Idaho at 868, 664 P.2d at 775.

Idaho Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of

---

[3] The state contends that a Rule 404(b) analysis is not always required when addressing the third potential source of prejudice a defendant may face from a denial of a motion to sever two or more distinct counts. However, because Diaz does not claim that the district court failed to perform a 404(b) analysis, we need not decide whether a Rule 404(b) analysis is always required under the circumstances presented here.

4

motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if the evidence's probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009); *see also State v. Avila*, 137 Idaho 410, 412, 49 P.3d 1260, 1262 (Ct. App. 2002). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. In this case, Diaz does not challenge the district court's conclusion that there was sufficient evidence to allow a reasonable jury to believe that the assault and the battery actually occurred. Therefore, we address only the issues of relevancy and unfair prejudice.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de

novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012). The trial court's balancing of the probative value of relevant evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

Here, the state filed notice of its intent to present Rule 404(b) evidence and sought an in limine ruling granting admission of that evidence. In that notice and at the subsequent hearing, the state asserted that the evidence of each count was admissible to prove identity, intent, and common scheme or plan for the other count. The district court determined that the evidence was admissible for those permissible purposes and granted the state's motion. Diaz contends that the district court erred in doing so, alleging that the evidence from either count was not relevant to the other count for any purpose other than impermissibly proving Diaz's criminal propensity. Thus, we will examine the proffered evidence for each count independently to determine whether it would have been admissible under Rule 404(b) in a separate trial for the other count. *See Abel*, 104 Idaho at 868, 664 P.2d at 775; *Cirelli*, 115 Idaho at 734, 769 P.2d at 611.

### 1. Assault

Diaz contends that evidence from either count was "too attenuated to be relevant to intent" in a separate trial for the other count. He bases this argument on his own assertion to law enforcement that he did not intend to rape either victim and on the difference between the victims' trial testimony as to what they thought Diaz intended to do. Specifically, he asserts significance in the battery victim's testimony that she thought Diaz intended to rape her, while the assault victim testified that she was unsure of what Diaz intended to do. However, Diaz acknowledges that the assault victim further testified that she thought Diaz "was probably going to try to force [her] to do something."

As part of its rationale for granting the state's Rule 404(b) motion, the district court concluded that the battery count was "very important" to establishing the necessary element of specific intent in the assault case. We agree. Diaz's conduct during the battery--poking the victim's genitals, tackling her, straddling her, and manipulating his waistband area--is potent evidence of his specific intent to commit the serious felony of rape not only during that incident,

6

but also during the assault. This is because, contrary to Diaz's assertions, the two crimes were very similar. Not only were the crimes committed just days apart and in the same location, but the similarity in their manner of commission was striking. Specifically, in each incident Diaz lay in wait outside of the same bar late at night, openly followed the intoxicated female victims to more isolated areas, and physically accosted them (or attempted to do so) in a manner suggestive of an intent to commit a serious felony. Although there are some differences, such as the age of the victims and how the following of each victim occurred, these differences do not make Diaz's conduct during the battery irrelevant to his intent during the assault.[4] As a result, the district court did not err in determining that evidence from the battery count was relevant to the assault count.

Additionally, the district court recognized the need to perform a Rule 403 balancing test to determine whether the prejudicial effect of the proffered evidence substantially outweighed its probative value. The district court acknowledged that it was a discretionary decision and concluded that the probative value of the evidence was not substantially outweighed by any prejudicial effect. The district court did not abuse its discretion in doing so. Because of the similarity between the two counts, the evidence from the battery count was highly probative of Diaz's intent in the assault count. Indeed, absent that evidence, it would have been substantially more difficult for the state to have shown the key element of intent to commit rape for the assault count. Moreover, Diaz failed to identify any potential prejudice which occurred as a result of the joinder beyond the risk of a propensity inference that is always extant when dealing with Rule 404(b) evidence admitted for a permissible purpose. The district court did not abuse its discretion in concluding that this risk did not substantially outweigh the significant probative value of the battery evidence in showing Diaz's intent in the similar assault count. Because the Rule 404(b) evidence from the battery count would have been admissible to prove intent at a separate trial for the assault count, we need not address the other potential purposes for which the evidence could have been admitted.

### 2.    Battery

---

[4]    To be sure, the slight difference in how the criminal conduct unfolded is at least partially attributable to Diaz's success in restraining the battery victim and his failed attempt to do so with the assault victim.

Evidence from the assault count was similarly relevant to show intent and absence of mistake or accident for the battery count. Although the district court did not specifically find the assault count evidence relevant for the purpose of showing absence of mistake or accident, relevance is a question of law that we review de novo.[5] *See Raudebaugh*, 124 Idaho at 764, 864 P.2d at 602; *Aguilar*, 154 Idaho at 203, 296 P.3d at 409. Moreover, where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Pierce*, 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct. App. 1984); *see also State v. Cardell*, 132 Idaho 217, 219-20, 970 P.2d 10, 12-13 (1998) (noting that it reviewed issues of relevance de novo and concluding that evidence admitted by the district court to corroborate victim testimony was instead relevant to prove absence of mistake or accident). Such is the case here.

The state was required to prove that Diaz committed battery with intent to commit a serious felony--in this case, rape. Diaz denied any intent to rape the battery victim and, instead, told police that he was simply trying to help her get home. In the process of doing so, he claimed, she fell down and he accidentally touched her breast and struck her in the face. Thus, the evidence from the assault count that occurred in the same area and in a similar manner just a few days later was relevant to prove the material and disputed issue of Diaz's true intent. Indeed, the assault count evidence helped prove Diaz's intent for the battery count primarily because it showed that his conduct during the battery was not a matter of accident or mistake. Moreover, Diaz failed to argue any basis for determining that the significant probative value of the assault count evidence was substantially outweighed by the danger of unfair prejudice. As a result, evidence from the assault count would have been admissible in a separate trial for the battery count to show intent and absence of mistake or accident.

Diaz has failed to show that the evidence of either count would have been inadmissible in a separate trial for the other count. Accordingly, the third potential source of prejudice did not appear in this case, and the district court did not err in denying Diaz's motion to sever.

---

[5]     We note that, although the state did not list absence of mistake or accident as one of the purposes for which it sought admission of the evidence in its Rule 404(b) notice and motion in limine, it did identify this as one of the permissible purposes for which the evidence could be admitted at the hearing on Diaz's motion to sever.

**B.** **Sentence Review**

Diaz argues that the sentences imposed by the district court, although within statutory limits, were excessive and an abuse of discretion in light of the mitigating factors present in his case. According to Diaz, these factors included his lack of prior felony convictions, his young age, and his future amenability to treatment.

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). However, the primary consideration is, and presumptively always will be, the good order and protection of society; all other factors are subservient to that end. *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson*, 124 Idaho 179, 857 P.2d 658 (Ct. App. 1993). Moreover, the issue before this Court remains whether the sentence is plainly excessive under any reasonable view of the facts, not whether the sentence is one that we would have imposed. *Toohill*, 103 Idaho at 568, 650 P.2d at 710. If reasonable minds might differ as to whether the sentence is excessive, we are not free to substitute our view for that of the district court. *Id.* When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Assault with intent to commit rape is punishable by up to fifteen years imprisonment, I.C. § 18-910, and battery with intent to commit rape is punishable by up to twenty years imprisonment, I.C. § 18-912. Diaz acknowledges that his sentences for these crimes are within

9

the statutory limits, requiring him to show that his sentences are clear abuses of discretion. *See Brown*, 121 Idaho at 393, 825 P.2d at 490. To this end, Diaz contends that the district court abused its discretion by failing to adequately consider the mitigating factors present in his case, including his lack of prior felony convictions, his young age, and his future amenability to treatment. However, after reviewing the record in this case, there is no indication that the district court failed to adequately consider all relevant facts, including the mitigating factors Diaz alleged, when determining Diaz's sentences. Instead, in making its sentencing decision, the district court acknowledged the objectives of sentencing and noted its primary objective of protecting society. The district court explained that its sentencing decision was primarily influenced by Diaz's quick accumulation of a significant criminal record since entering the country in 2009, which included battery, reckless driving, possession of paraphernalia, resisting and obstructing, and several probation violations; his behavioral issues that began in high school and continued during his incarceration; and the psychosexual evaluator's determination that Diaz was on the predatory end of the offender spectrum and was a high risk to reoffend within the next five to ten years. The record supports the district court's conclusions. Thus, the district court did not abuse its discretion in sentencing Diaz.

### III.

### CONCLUSION

Evidence from the battery count was relevant to prove Diaz's intent in committing the assault, and evidence from the assault count was relevant to show Diaz's intent and the absence of mistake or accident in committing the battery. Diaz failed to show that the district court abused its discretion in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Therefore, the district court did not err in denying Diaz's motion to sever. Diaz also failed to show that the district court abused its sentencing discretion. Accordingly, Diaz's judgment of conviction and sentences for assault with intent to commit rape and battery with intent to commit rape are affirmed.

Judge LANSING and Judge GRATTON, **CONCUR**.