**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43347**

| | | |
|---|---|---|
| **CHRISTOPHER CONLEY TAPP,** | ) | **2017 Unpublished Opinion No. 399** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 15, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Dennis A. Benjamin, Boise, for appellant. Dennis A. Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

MELANSON, Chief Judge

Christopher Conley Tapp appeals from the district court's judgment summarily dismissing Tapp's second successive petition for post-conviction relief. For the reasons set forth below, we affirm.

A jury found Tapp guilty of first degree murder, (I.C. §§ 18-4001, 18-4002, and 18-4003(a)) and rape (I.C. § 18-6101(3) and (4)). The district court sentenced Tapp to a unified life term, with a minimum period of confinement of thirty-five years, for first degree murder; a term of fifteen years for use of a deadly weapon; and a concurrent unified term of twenty years, with a minimum period of confinement of ten years, for rape. On direct appeal, this Court affirmed Tapp's judgment of conviction. *State v. Tapp*, 136 Idaho 354, 33 P.3d 828 (Ct. App. 2001). Tapp then filed a petition for post-conviction relief, which the district court summarily

1

dismissed. On appeal, in an unpublished opinion, this Court affirmed in part, reversed in part, and vacated the summary dismissal of Tapp's petition for post-conviction relief and remanded to the district court. *Tapp v. State*, Docket No. 35536 (Ct. App. Mar. 31, 2010). On remand, the district court again dismissed Tapp's petition for post-conviction relief. Tapp appealed that dismissal and filed a separate petition requesting DNA testing pursuant to I.C. § 19-4902. The district court dismissed the petition and Tapp appealed. In an unpublished opinion, this Court affirmed both summary dismissals. *Tapp v. State*, Docket No. 40197 (Ct. App. Nov. 21, 2013).

Tapp filed a successive petition for post-conviction relief, which the district court summarily dismissed. In an unpublished opinion, this Court affirmed the summary dismissal of Tapp's successive petition on the basis that Tapp did not assert a sufficient reason for filing a successive post-conviction petition. *Tapp v. State*, Docket No. 41056 (Ct. App. Aug. 22, 2014). Tapp filed the instant petition for post-conviction relief, alleging that the State failed to disclose exculpatory evidence. The State filed an answer and a motion and supporting memorandum for summary dismissal. The district court held a hearing, granted the State's motion, and entered judgment dismissing Tapp's second successive petition. Tapp appeals.

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of

material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal, Tapp argues that the district court erred in summarily dismissing his petition for post-conviction relief. On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In his petition, Tapp alleged that the police knew of a witness who had the ability to provide information that would exculpate or mitigate Tapp's guilt. Tapp submitted an affidavit from the potential witness.[1] In the affidavit, the witness claimed that a man came to the witness's home at approximately 3 a.m. on the day of the murder for which Tapp was found guilty; the man had blood on his shirt, tape on his wrist, and scratches on his face; and the man asked the witness to use the bathroom. The witness also claimed that, several months later, he recounted that story to an unidentified detective in plain clothes who was driving an unmarked car and who approached the witness at his place of work. The witness claimed that he told the detective the man was 5 feet 6 inches tall, weighed 100 pounds, had long blond hair, dressed like a cowboy, and drove a Honda motorcycle with homemade speakers. Tapp contends that the information possessed by the witness is exculpatory because the officer should have known that the man described by the witness was the other suspect in the case--making the witness key to Tapp's defense. Tapp alleged that, because the police reports contained the other suspect's name numerous times, the State had a duty to disclose the witness's identity to Tapp to enable him to further investigate the man. Tapp implies that, if the State had disclosed the witness's identity, the witness would have testified and bolstered Tapp's defense. Specifically, the witness would

---

[1] Tapp also alleged that the State knew of and withheld information possessed by the witness's former spouse, who was also home during the encounter with the man. However, Tapp alleged that no one spoke to the former spouse until 2012, which was well after Tapp's criminal trial. Thus, Tapp has not shown that the State knew of or withheld information from the former spouse at the time of Tapp's criminal trial. Accordingly, we will not address the allegations regarding the State's failure to inform Tapp of the former spouse's identity.

4

have identified the other suspect as the man who came to the witness's house the night of the murder, which would have enabled Tapp to say the other suspect, not Tapp, committed the murder.

Tapp asserts that his petition and the witness's affidavit allege facts that, if true, would constitute a violation pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963). Due process requires all material exculpatory evidence known to the State or in its possession be disclosed to the defendant. *Id.*; *Grube v. State*, 134 Idaho 24, 27, 995 P.2d 794, 797 (2000). The prosecutor is not required to make a complete and detailed accounting to the defense of all police investigatory work on a case. *Moore v. Illinois*, 408 U.S. 786, 795 (1972). To withstand summary dismissal of his *Brady* claim, Tapp must allege that the witness's testimony would be favorable to Tapp, either because it would be exculpatory or impeaching; the State willfully or inadvertently suppressed the witness's identity; and there is a reasonable probability that Tapp would not have been convicted if the witness had testified. *See Strickler v. Greene*, 527 U.S. 263, 263 (1999); *Dunlap v. State*, 141 Idaho 50, 64, 106 P.3d 376, 390 (2004).

As an initial matter, Tapp alleged that he became aware of the information he alleged in his petition in 2012. Because the affidavits were obtained through additional investigation in August 2012 and the petition was filed in September 2012, the petition was filed within a reasonable time of Tapp's discovery of the information. *See Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007) (requiring successive petitions for post-conviction be filed within a reasonable time after the petitioner knows of the information giving rise to the successive claims).

Tapp's claim is speculative and does not allege facts to support the threshold *Brady* element. First, the witness did not observe the man commit a crime, but the witness was suspicious of the man's behavior. Second, neither Tapp nor the witness indicated whether the detective was an agent of the State or whether he was investigating the crimes for which Tapp was a suspect. Finally, the witness did not identify the man as the other suspect. Rather, Tapp contends that the detective should have known, based on the witness's description, that the man was the other suspect. Even assuming the unidentified detective was an agent of the State investigating the crimes for which Tapp was a suspect and the detective knew that the man the witness described was the other suspect, Tapp fails to explain how that information would tend

5

to disprove his guilt. Without more information, a determination that the man was the other suspect would be insufficient to establish that the other suspect committed the crimes. And establishing that the other suspect committed the crimes would not show that Tapp did not commit the crimes. Moreover, Tapp did not allege that the State had knowledge of the detective's interview with the witness. In sum, Tapp's allegations, if proven true, would not establish that the witness's identity or potential testimony would be exculpatory. Thus, the petition was deficient on its face and summary dismissal was proper.

In the alternative, Tapp argues that, in dismissing Tapp's petition, the district court relied on information not included in the post-conviction case record. Specifically, Tapp asserts that the district court's decision was based on the theories presented at trial even though the record did not contain any reference to the underlying criminal proceeding. Indeed, the district court's determination that Tapp failed to allege a prima facie *Brady* claim was based on the State's theory at trial that Tapp did not act alone and on his confession that he did not act alone. A review of the post-conviction record confirms that it contained no reference to the underlying criminal proceeding. It is error for a district court to rely on information not contained in the record. *Matthews v. State*, 122 Idaho 801, 808, 839 P.2d 1215, 1222 (1992). Consequently, the district court erred in relying on the theories presented at Tapp's criminal trial when that trial was not part of the post-conviction case record. However, our determination that Tapp failed to allege a prima facie *Brady* claim does not rely on the theories presented at his criminal trial. Our determination is based solely on the post-conviction case record. Thus, we sustain the summary dismissal of Tapp's second successive petition. *See State v. Diaz*, 158 Idaho 629, 636, 349 P.3d 1220, 1227 (Ct. App. 2015) (sustaining a ruling in a criminal case where the ruling was correct, although based upon an incorrect reason by the lower court).

Accordingly, the district court's judgment dismissing Tapp's second successive petition for post-conviction relief is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR**.

6