**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46149**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 22, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSHUA LEROY CRAWFORD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

In April 2011, Joshua Leroy Crawford pled guilty to felony injury to a child, Idaho Code § 18-1501(1). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of ten years with three years determinate and retained jurisdiction. The district court later relinquished jurisdiction in August 2011, and Crawford filed an Idaho Criminal Rule 35(b) motion for reconsideration of his sentence. In October 2011, the district court denied Crawford's Rule 35(b) motion.

Approximately seven years later, Crawford filed a pro se motion under Idaho Criminal Rule 35. Crawford's motion is entitled "Motion for Correction of Illegal Sentencing by Means

1

of Violations of Sentencing Procedure and PSI Consideration." The body of the motion and the conclusion both reference Rule 35(a).

Despite the motion's repeated references to Rule 35(a), the district court construed the motion as one for leniency to correct or reduce a sentence under Rule 35(b). It then concluded that the motion was untimely under Rule 35(b) and that it lacked subject matter jurisdiction to consider the motion. Crawford appeals, arguing that he brought his motion under Rule 35(a), which may be brought "at any time," and that the district court erred by concluding it lacked jurisdiction. The State concedes that if Crawford's motion is indeed a motion under Rule 35(a), then the district court had jurisdiction to rule on a Rule 35(a) motion. Crawford replies that in light of this concession, this Court must vacate the district court's order and remand.

We disagree. The district court was presented with a Rule 35(a) motion but ruled on a Rule 35(b) motion, thus the question of whether the sentence is illegal is properly preserved. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Diaz*, 158 Idaho 629, 636, 349 P.3d 1220, 1227 (Ct. App. 2015).

Whether the sentence imposed is illegal is a question of law this Court freely reviews. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993). The Court may freely review all preserved issues. The term "illegal sentence" under Rule 35(a) is narrowly interpreted as a sentence that is illegal from the face of the record; *i.e.*, it does not involve significant questions of fact or require an evidentiary hearing. *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009). Rule 35(a) is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35(a) should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35(a) is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

In support of his motion, Crawford argues that his sentence is "illegal" because "he was not told by counsel that he did not have to speak with the PSI investigator" and because the court should have ordered a confidential neuropsychological examination. These arguments are not properly considered on a Rule 35(a) motion; rather, "Rule 35[a]'s purpose is to allow courts to

correct illegal sentences, *not* to reexamine errors occurring at trial or before the imposition of the sentence." *State v. Wolfe*, 158 Idaho 55, 65, 343 P.3d 497, 507 (2015). A motion to correct an illegal sentence is improper for purposes of challenging whether Crawford's trial counsel properly informed him regarding his obligation to speak to the presentence investigator and whether the court should have ordered a neuropsychological examination. Therefore, the district court properly denied Crawford's motion, albeit on the wrong theory. Accordingly, we affirm the district court's denial of Crawford's motion under Rule 35.