**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46454**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: January 8, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JUSTIN ROY BOOTH, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction for first degree murder and robbery, affirmed.

Nevin, Benjamin, McKay & Bartlett LLP; Dennis Benjamin, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Justin Roy Booth appeals from the judgment of conviction for first degree murder and robbery. Booth argues that the district court erred in denying his motion to sever. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Booth was charged with first degree murder, second degree kidnapping, robbery, first degree arson, and unlawful possession of a firearm. The charges arose after Booth, Booth's wife (Heather Booth), and one of Booth's attorneys met with law enforcement at the United States Attorney's Office to give an interview. Booth explained his version of the events leading to his charges as follows: Booth and his friend, David Hutto, followed a man home after the man (later determined to be William Kirk) allegedly tailgated them. The two pulled into Kirk's driveway. Booth frisked Kirk, took Kirk's wallet and telephone, and zip tied Kirk's hands at Hutto's

1

instruction. Thereafter, Hutto abducted Kirk at gunpoint. The three drove, in Kirk's vehicle, to a construction site where Hutto removed Kirk from the vehicle and shot him numerous times in the back. When the firearm was empty, Hutto made Booth reload the weapon and Hutto continued to shoot Kirk. Booth and Hutto left Kirk on the side of the road, drove to various banks and withdrew funds from Kirk's accounts, and burned Kirk's truck.

Based on those events, a grand jury indicted Booth on the above-listed offenses. Booth filed a motion to sever the murder charge from the remaining charges, arguing that he could be prejudiced at trial because he had a duress defense to the non-murder counts but may be statutorily prohibited from presenting that defense on the murder count. The district court held a hearing and ultimately denied Booth's motion to sever. Pursuant to a conditional plea agreement, Booth agreed to plead guilty to first degree murder and robbery and the State agreed to dismiss the remaining charges. In the conditional plea agreement, Booth reserved his right to appeal the district court's pretrial rulings, sentencing, and claims related to ineffective assistance of counsel. Booth's case proceeded to sentencing and the district court sentenced Booth to concurrent life sentences with thirty years determinate. Booth timely appeals.

## II.

### STANDARD OF REVIEW

A motion to sever is directed to the trial court's discretion, and this Court will not overturn a denial of the motion unless the trial court has abused its discretion. *State v. Abel*, 104 Idaho 865, 867, 664 P.2d 772, 774 (1983). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

### ANALYSIS

Booth argues that the district court abused its discretion in denying his motion to sever because he was prejudiced by the joinder of the murder charge with the remaining charges. Specifically, Booth claims that because duress was not an available defense to the murder charge, he was prevented from presenting a duress defense to the remaining charges without

2

incriminating himself on the first degree murder charge. In response, the State argues that the district court properly denied Booth's motion to sever because (1) although the district court erred in failing to rule on its objection to the timeliness of Booth's motion to sever, Booth's motion was untimely and Booth did not show good cause or excusable neglect to justify the delay; and (2) regardless of the timeliness, Booth's motion fails on the merits. We agree with the State.[1]

First, we conclude that Booth did not show good cause or excusable neglect for his failure to file a timely motion to sever. Idaho Criminal Rule 14 provides in relevant part:

> If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in a complaint, indictment or information, the court may order the state to elect between counts, grant separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

Idaho Criminal Rule 12(d) provides the time limitations for filing motions for severance under I.C.R. 14:

> Motions pursuant to Rule 12(b) must be filed within 28 days after the entry of a plea of not guilty or seven days before trial whichever is earlier. . . . The court may shorten or enlarge the time, and for good cause shown or for excusable neglect, may relieve a party of failure to comply with this rule.[2]

In this case, both parties agree that Booth's motion was untimely. Booth entered not guilty pleas on May 22, 2017. Booth filed his motion to sever the murder charge from the remaining charges on April 11, 2018. Thus, Booth's motion to sever was nearly a year late. Nonetheless, the district court held a hearing on Booth's motion. At the hearing, Booth addressed the merits of his motion to sever. In response, the State argued that (1) Booth's motion was untimely under I.C.R. 12(d); (2) Booth did not show good cause or excusable neglect for failing to timely file his motion; and (3) if the court considered the motion, it failed on its merits. Thereafter, the district court presented Booth with an opportunity to rebut the State's arguments. Booth acknowledged that the motion was not timely filed. However, Booth argued, as he does on appeal, that his untimely filing was excusable because the State had recently

---

[1]     Idaho Appellate Rule 15(a) states: "If no affirmative relief is sought by way of reversal, vacation or modification of the judgment or order, an issue may be presented by the respondent as an additional issue on appeal under Rule 35(b)(4) without filing a cross-appeal." Thus, the State was not required to file a cross-appeal to challenge the district court's failure to make a good cause or excusable neglect determination because the State asks this Court to affirm the district court's denial of Booth's motion to sever.

[2]     Idaho Criminal Rule 12(b)(5) includes motions to sever.

disclosed an interview transcript of Booth's ex-wife (Heather). Booth's counsel explained that he was new to the case as of December 2017, requested discovery relating to statements made by Heather, and recently received (in March of 2018) the transcript of an interview of Heather, which occurred in October of 2016 and lasted an hour and forty-five minutes. Booth claimed that Heather was the only other person who could testify regarding Hutto's menacing behavior and the transcript provided the defense with the ability to impeach Heather as she and Booth had recently obtained a divorce. After considering the parties arguments, the district court made its ruling from the bench and did not address the timeliness of Booth's motion nor did the court discuss whether good cause or excusable neglect existed to justify the delay. Rather, the court concluded that Booth's motion failed on the merits.

Because the State preserved its argument that Booth's motion was untimely and this issue, although undecided by the district court, was fully litigated below, we need not remand this case to the district court for factual findings but can decide this case based on the record before us. *See State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019) (concluding that "both the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal"); *but see State v. Dice*, 126 Idaho 595, 597, 887 P.2d 1102, 1104 (Ct. App 1994) (appellate court contemplated remanding to the district court for a good cause determination where the district court failed to allow defendant an opportunity to present a good cause showing for his untimely motion but affirmed denial of motion to sever because case nonetheless failed on the merits). The record demonstrates that, regardless of Heather's interview, both Booth and his trial counsel were well aware of Booth's purported fear of David Hutto months before filing the motion to sever.[3] Thus, Booth could have filed the motion to sever based on his duress defense months earlier and failed to do so.

On January 16, 2018, Booth's trial counsel (the same counsel who filed his motion to sever) filed a motion to permit access to Hutto's records and argued that information in Hutto's presentence investigation report would provide the defense with evidence of Hutto's "reputation

---

[3] It must be noted that on appeal, both parties mistakenly assume that the interview transcript which was the subject of the motion to sever hearing related to Booth and Heather's meeting with law enforcement at the office of the United States Attorney which took place on October 28, 2016, and resulted in Booth's charges. However, the record indicates that Heather was questioned in a separate interview that took place in October of 2017 which was disclosed in March of 2018. The late disclosure of this interview formed Booth's basis for the motion to sever. Regardless of this misunderstanding, our conclusion remains unchanged.

for violence, and his mental state at the time of the alleged events." Booth requested that his motion be set for a hearing in order to present oral argument in support of his motion.[4] During the hearing on this motion, Booth argued:

> Additionally, there's going to be, I believe, information related to Mr. Hutto's mental health, mental condition, prior to and during and after the events as alleged on October of 2016. As we've indicated, my client does wish to seek a duress defense in the fact that Mr. Hutto had threatened him and menace [sic] and created a menace during his time with him and we believe those mental health records potentially does contain information which may be relevant during the course of our defense.

Additionally, on January 16, 2018, Booth's counsel filed a "Motion to Dismiss or in the Alternative Set Aside Grand Jury Indictment." Booth argued that the court should set aside the grand jury indictment because "the State at the grand jury proceedings failed to provide sufficient information relating to exculpatory evidence of Justin Booth's reasonable and well-founded fear of David Hutto and the effect this had on Justin Booth's actions during the alleged events." Finally, on March 13, 2018, Booth filed the defendant's disclosure of expert witnesses in which Booth explained that a doctor "is expected to testify to the Defendant's mental state at the time the crime was committed including but not limited to whether the Defendant's actions were due to duress and/or coercion from co-defendant David Hutto."

Thus, based on the record, Booth had the intention to present a duress defense and was aware of the basis for his motion to sever at least as early as January 2018. Nonetheless, Booth filed his motion to sever on April 11, 2018. Moreover, when discussing the merits of the motion to sever in his opening briefing, even Booth concedes that "only he could testify that he did believe his life would be endangered if he failed to submit to Mr. Hutto." Thus, the interview transcript had no bearing on the availability of Booth's duress defense. At best, the transcript of Heather's interview would, as Booth acknowledges, assist him in impeaching her if her testimony was inconsistent with the claim of duress. Booth did not present good cause for his untimely motion to sever. Accordingly, the district court did not abuse its discretion in denying Booth's motion to sever.

Second, we conclude that Booth's motion fails on the merits. When reviewing an order denying a motion to sever, the inquiry on appeal is whether the defendant has presented facts

---

[4] On April 12, 2018, the district court heard argument regarding various pretrial motions. Both Booth's motion to permit access to Hutto's records and Booth's motion to sever were argued at this time.

demonstrating that unfair prejudice resulted from a joint trial, which denied the defendant a fair trial. *State v. Cirelli*, 115 Idaho 732, 734, 769 P.2d 609, 611 (Ct. App. 1989). In cases such as this, Idaho appellate courts review the trial proceeding to determine whether one or more of the following "potential sources of prejudice" appeared:

> (a) the possibility that the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (b) the potential that the defendant may be confounded in presenting defenses; and (c) the possibility that the jury may conclude the defendant is guilty of one crime and then find him or her guilty of the other simply because of his or her criminal disposition, *i.e* he or she is a bad person.

*State v. Eguilior*, 137 Idaho 903, 908, 55 P.3d 896, 901 (Ct. App. 2002). A defendant can be confounded in presenting defenses "where he desires to assert his privilege against self-incrimination with respect to one crime but not the other." *Abel*, 104 Idaho at 867, 664 P.2d at 774.

Booth argues that he was confounded in presenting defenses because he may have wanted to assert his right to remain silent as to the murder charge but wished to present a duress defense to the remaining charges. On appeal, the parties point to various out-of-circuit cases to illustrate what other courts require a defendant to show when seeking a severance based on the notion that the defendant wishes to testify on some but not all charges. The State argues that a defendant has a heightened burden when seeking a severance based on alleged prejudice and must make more than a bare assertion that he may wish to testify on some counts and remain silent on others. The State points to *Baker v. United States*, 401 F.2d 958, 976-77 (D.C. Cir. 1968), which requires that the "defendant make[] a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." In that case, the court elaborated on the requirements for establishing the requisite showing stating:

> In making such a showing, it is essential that the defendant present enough information--regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other--to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying.

*Id*.

In his reply brief, Booth argues that the State failed to address relevant case law cited by Booth. In making this argument, Booth points to *States v. Kinsella*, 530 F. Supp. 2d 356, 365 (D.

Ne. 2008), and quotes what he believes is the relevant standard: a district court should grant a severance when the defendant "[m]akes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other." *Id*. In that case, the court stated that "the defendant must timely offer enough information to the court to allow it to weigh the needs of judicial economy versus the defendant's freedom to choose whether to testify as to a particular charge." *Id*.

As an initial matter, the standards cited by both parties require essentially the same showing. Booth fails to meet the standard. Other than his assertion that he "may wish" to testify regarding a duress defense, Booth failed to submit any evidence to the district court in support of his motion to sever. Although he alleged that the newly disclosed transcript, which formed the basis of his motion to sever, provided him with potentially supporting evidence of duress, he did not provide the transcript to the district court. Booth did not explain what content in the transcript, if any, was relevant to his defense nor did Booth elaborate on the nature of the testimony that he desired to present. Booth provided no evidence, let alone convincing evidence, of important testimony or a strong need to refrain. A party's indication that he or she "may wish" to testify on one charge and remain silent on another is not, on its own, enough to justify severance on the bases of confounding defenses. Otherwise, the mere assertion would require granting of the motion. Accordingly, the district court did not abuse its discretion in denying Booth's motion to sever.

## IV.

## CONCLUSION

The district court did not err in denying Booth's motion to sever. Accordingly, we affirm Booth's judgment of conviction.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

7