**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 47167**

| | |
|---|---|
| **STATE OF IDAHO,** | ) |
| | ) **Filed: September 28, 2020** |
| **Plaintiff-Respondent,** | ) |
| | ) **Melanie Gagnepain, Clerk** |
| **v.** | ) |
| | ) |
| **ZACHARY JAMES DEVAN,** | ) |
| | ) |
| **Defendant-Appellant.** | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for felony driving under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Zachary James Devan appeals from his judgment of conviction for felony driving under the influence (DUI), challenging the district court's denial of his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While on evening patrol, an officer noticed a vehicle ahead of her that was driving with both passenger-side tires across the solid white line on the right-hand side of the roadway (*i.e.*, the fog line). Despite driving on a straight section of unobstructed roadway, the vehicle continued to straddle the fog line for three to five seconds, traversing approximately one hundred yards. Concerned for the safety of any pedestrian or cyclist potentially traveling on the shoulder, the officer activated her patrol vehicle's emergency lights and initiated a traffic stop. The officer

1

identified the driver of the vehicle as Devan and noticed an open container of beer under the vehicle's center console. After further investigation, the officer arrested Devan for DUI.

The State charged Devan with felony DUI and possession of an open container of alcohol in a motor vehicle. Devan filed a motion to suppress, arguing the officer lacked reasonable suspicion to conduct a traffic stop. After the district court denied the suppression motion, Devan entered a conditional guilty plea to felony DUI (I.C. § 18-8005(6)) and retained the right to appeal the denial of his motion to suppress. In exchange for Devan's plea, the State dismissed the open container charge. Devan appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Devan argues the district court erred in denying his motion to suppress, asserting that he was seized without reasonable suspicion in violation of the Fourth Amendment. Specifically, Devan contends that, under the Idaho Supreme Court's decisions in *State v. Neal*, 159 Idaho 439, 362 P.3d 514 (2015) and *State v. Fuller*, 163 Idaho 585, 416 P.3d 957 (2018), driving for approximately one hundred yards while straddling the fog line was insufficient to support reasonable suspicion of a traffic offense. The State responds that the district court properly denied Devan's suppression motion because the officer had reasonable suspicion Devan committed multiple traffic offenses, including violations of I.C. § 49-637(1), I.C. § 49-630(1), and

I.C. § 49-1401(3).[1]  We hold that the officer had reasonable suspicion to stop Devan for failing to drive as nearly as practicable within a single lane in violation of I.C. § 49-637(1).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures.  *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.  Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws.  *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998).  The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop.  *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999).  The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer.  *Id*.  An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training.  *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court concluded that the officer had reasonable suspicion to stop Devan.  In doing so, the district court first recognized that a traffic stop must be based on reasonable suspicion of either a traffic violation or criminal activity, such as driving under the influence.  The district court then made factual findings related to both Devan's driving and the roadway upon which it occurred.  The district court specifically found that Devan drove with both passenger-side tires of his vehicle over the fog line for approximately one hundred yards with "no reasonable explanation"

---

[1]    In reply, Devan contends that the State's argument in reliance on I.C. § 49-630(1) and I.C. § 49-1401(3) is not preserved, claiming "the only argument the State made on th[e] issue [of reasonable suspicion] concerned [I.C.] § 49-637(1)."  We disagree, in its written response to Devan's motion to suppress, the State specifically cited all three statutes and argued that Devan's "driving pattern could have been indicative of a number of violations, including but not limited to [I.C.] §§ 49-637(1), 49-630(1), 49-1401A, 49-1401(3), and/or 18-8004."  In addition, at the suppression hearing, the prosecutor specifically argued that Devan's driving violated I.C. § 49-637 and I.C. § 49-630.  We therefore reject Devan's contention that the State's arguments were waived.  Nevertheless, because we conclude that there was reasonable suspicion for a traffic stop based on a violation of I.C. § 49-637(1), we need not address the State's alternative arguments based on the other statutes cited.

for doing so, such as a pothole or some other roadway hazard that would have prevented Devan from staying within his lane. With respect to the paved area beyond the fog line that Devan encroached upon, the district court observed that there could have been a cyclist or pedestrian in "that shoulder area."[2] Although the district court did not expressly identify which statute Devan violated, its findings and analysis support the conclusion that the traffic stop was based on reasonable suspicion that Devan, at a minimum, violated I.C. § 49-637(1).

Idaho Code Section 49-637(1) states, in pertinent part:

> Whenever any highway has been divided into two (2) or more clearly marked lanes for traffic the following, in addition to all else, shall apply:
> (1)  A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety.

Thus, I.C. § 49-637(1) by its plain language requires a vehicle to be driven, as nearly as practicable, entirely within a single lane when a highway has been divided into two or more clearly marked lanes for traffic. There is no dispute that Devan was stopped on such a highway.[3] The only dispute is whether Devan's driving provided reasonable suspicion that he violated the statutory requirement that his vehicle be driven, as nearly as practicable, entirely within a clearly marked single lane. Resolution of this question turns, in part, on the Idaho Supreme Court's interpretation of what constitutes a lane for purposes of I.C. § 49-637.

In *Neal*, the Idaho Supreme Court evaluated whether driving onto, but not over, a "fog line" was a violation of I.C. § 49-637(1) that would justify a traffic stop based on reasonable suspicion. The Court noted that, although Title 49 of the Idaho Code defines the terms used in the statutes within that title, "[n]one of the terms defined by statute or areas excluded by statute refers to lane markers." *Neal*, 159 Idaho at 444, 362 P.3d at 519. The Court ultimately concluded that, despite statutory definitions for "highway," "sidewalk," and "lane of travel" or "traffic lane," as

---

[2]     Although the term "shoulder" lacks a statutory definition, the Idaho Supreme Court favorably cited the relevant dictionary definition of the term. *Neal*, 159 Idaho at 445, 362 P.3d at 520. According to that definition, a shoulder is the part of the roadway outside of the traveled way on which vehicles may be parked in an emergency. *Id.* The officer testified that there is two feet of pavement and then a field beyond the fog line on the section of road where Devan was stopped.

[3]     A violation of I.C. § 49-637(1) is an infraction. *See* I.C. § 49-236(2).

4

well as a relevant dictionary definition of "shoulder," I.C. § 49-637(1) is ambiguous as to the meaning of "as nearly as practicable entirely within a single lane." *Neal*, 159 Idaho at 444-45, 362 P.3d at 519-20. Finding an ambiguity, the Court determined that I.C. § 49-630(1), which requires drivers to drive on the right half of the roadway,[4] and I.C. § 49-637(1) must be construed together so as not to conflict. *Neal*, 159 Idaho at 445, 362 P.3d at 520. The Court reasoned:

> [S]ection 49-630(1) does not prohibit driving anywhere on the right half of the roadway except sidewalks, shoulders, berms, and rights-of-way. There is no mention of the edge, the edge line, the fog line, or any other kind of marker. Construing this section together with 49-637(1), so that they are not in conflict, leads to the conclusion that section 49-637(1) does not prohibit driving on an edge line in the roadway.

*Neal*, 159 Idaho at 445, 362 P.3d at 520. Because there was no allegation that Neal was driving on the shoulder, the Court concluded he "was still in the roadway." *Id.* The Court further stated that the "purpose" of an "edge line" was "not to create a lane boundary but to inform the driver of the road's edge so that under certain conditions the driver can safely maintain his or her position on the roadway." *Id.* at 445-46, 362 P.3d at 520-21. Because the Court concluded that an "edge line" like the fog line at issue in *Neal* did not demarcate the outer boundary of the lane, the Court held "that driving onto but not across the line marking the right edge of the road does not violate [I.C. §] 49-637 and therefore the officer's stop of Neal was not justified." *Neal*, 159 Idaho at 447, 362 P.3d at 522.[5]

---

[4]     A "roadway" is defined as "that portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of sidewalks, shoulders, berms and rights-of-way." I.C. § 49-119(19). In other words, the roadway is part of the highway. While the roadway excludes sidewalks, berms, and rights-of-way, those areas are within the "jurisdiction" of highway as defined in I.C. § 49-109(4).

[5]     The Court did not discuss or analyze the meaning of the language "clearly marked" as used in I.C. § 49-637 other than in the context of the surrounding language, "whenever any highway has been divided into two (2) or more clearly marked lanes." *Neal*, 159 Idaho at 446, 362 P.3d at 521. In this context, the Court noted that I.C. § 49-637 "only applies to highways with at least two lanes of travel and excludes one-lane roads" even though "one-lane roads also have edges and may be marked with fog lines." *Id.* Thus, it appears that the Court viewed the "clearly marked" requirement of I.C. § 49-637 as only describing the type of highway to which the statute applies as opposed to giving meaning to whatever feature (like a fog line) clearly marks the lanes of travel.

5

The Idaho Supreme Court reaffirmed and expanded its holding in *Neal* in *Fuller*. The question presented in *Fuller* was whether the officer had reasonable articulable suspicion to conduct a traffic stop for violating I.C. § 49-637(1) based on the stipulated fact that "the front passenger-side tire of Fuller's vehicle crossed the fog line once and that she did not have her turn signal on at the time."[6] *Fuller*, 163 Idaho at 587, 416 P.3d at 959. In answering this question, the Court noted that it was "careful to emphasize" in *Neal* that "the fog line is *not* a lane barrier." *Fuller*, 163 Idaho at 589, 416 P.3d at 961. Because the fog line is not a lane barrier, the Court concluded that "an isolated incident of temporarily crossing the fog line likewise does not violate section 49-637(1)." *Fuller*, 163 Idaho at 590, 416 P.3d at 962.

Importantly, however, the Court's opinions in *Neal* and *Fuller* did not strip the fog line (or other lane markings) of all meaning for purposes of conducting a traffic stop pursuant to I.C. § 49-637(1). As the Court clarified in *Fuller*:

> Merely that a tire temporarily touches or crosses the fog line will not by itself give rise to a reasonable, articulable suspicion that section 49-637(1) has been violated. To be sure, driving onto or across the fog line may be considered when evaluating whether an overall pattern of erratic or unsafe driving gives rise to a reasonable, articulable suspicion that section 49-637(1) has been violated under the totality of the circumstances.

*Fuller*, 163 Idaho at 590, 416 P.3d at 962.

In stating this last proposition, the Court relied on several cases in which courts have held that such reasonable suspicion existed. *Id.* For example, in *United States v. Alvarado*, 430 F.3d 1305, 1309 (10th Cir. 2005) the court held that an officer had a reasonable suspicion to stop a vehicle for a traffic offense after observing the vehicle crossing one foot over the fog line. In *People v. Geier*, 944 N.E.2d 793, 795 (Ill. App. 2d 2011), the court held there was probable cause to conduct a traffic stop after the officer observed all four of the defendant's tires cross the fog line after making a turn where there were no special conditions explaining the defendant's driving behavior. And, in *State v. McBroom*, 39 P.3d 226, 229 (Or. Ct. App. 2002), the court held an

---

[6] Despite the stipulated fact, the district court in *Fuller* said that, in reviewing the video from the officer's dashboard camera, he "could not exactly tell whether there was a complete crossing of that fog line," but it was "pretty close to crossing the whole line." *Fuller*, 163 Idaho at 587-88, 416 P.3d at 959-60.

officer had probable cause to conduct a traffic stop after the defendant drove for more than three hundred feet on the centerline for no apparent reason.

Thus, *Fuller* left open the possibility that law enforcement, and reviewing courts, could appropriately find that reasonable suspicion of a violation of I.C. § 49-637(1) may be based upon driving behavior relative to the fog line. This is such a case. The facts found by the district court, considered in light of the totality of the circumstances, support a reasonable suspicion that Devan violated I.C. § 49-637(1). A vehicle inexplicably straddling the fog line for approximately one hundred yards and encroaching on the shoulder of a roadway used by pedestrians and cyclists gives rise to a reasonable suspicion that the driver has violated I.C. § 49-637(1). This conduct is distinguishable from the isolated and temporary incidences at issue in *Neal* and *Fuller* and was sufficient to warrant a traffic stop. Thus, Devan has failed to show the district court erred in denying his motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that the officer had reasonable suspicion to stop Devan because his driving behavior constituted a violation of I.C. § 49-637(1). Thus, Devan has failed to show that the district court erred in denying his motion to suppress. Accordingly, Devan's judgment of conviction for felony DUI is affirmed.

Chief Judge HUSKEY and Judge BRAILSFORD, **CONCUR**.