**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48267**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 15, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| LAINEY RAYE GONZALEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge. Hon. Adam Kimball, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, reversing order granting motion to suppress, <u>affirmed</u>.

Anthony R. Geddes, Ada County Public Defender; Erin J. Heuring, Deputy Ada County Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Lainey Raye Gonzalez appeals from the district court's intermediate appellate decision, reversing the magistrate court's order granting Gonzalez's motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At approximately 1:00 a.m., Sergeant Hodges observed the vehicle directly in front of him cross over the fog line with its passenger side tires three or four times. Then, the vehicle's passenger tires crossed the fog line by about one foot and remained over the fog line for approximately 200 yards. Sergeant Hodges testified that the weather conditions were dry and nothing in the record suggests there were any obstructions in the roadway. Sergeant Hodges testified he stopped the car because: "The driving pattern led me to believe the driver might be

1

impaired or under the influence." Sergeant Hodges informed Gonzalez that he stopped her for failing to maintain her lane. Officer Hurst arrived on scene and ultimately arrested Gonzalez for driving under the influence (DUI), second offense, Idaho Code § 18-8004(1)(a).

Gonzalez filed a motion to suppress the evidence related to the DUI investigation based upon an illegal seizure. The magistrate court granted Gonzalez's motion to suppress, determining Gonzalez's conduct did not rise to the level of violating I.C. § 49-637. The State appealed to the district court. The district court reversed the magistrate court's decision. The district court found that violating I.C. § 49-637 was not dispositive because there was reasonable, articulable suspicion that Gonzalez was driving impaired. Gonzalez timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefore, and either affirm or reverse the district court. As recently noted by the Idaho Supreme Court, "[w]e owe no particular deference to the district court's decision in cases like this one, where the district court reversed the magistrate court." *Med. Recovery Servs., LLC v. Eddins*, 169 Idaho 236, 494 P.3d 784, 790 (2021).

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

## III.

## ANALYSIS

Gonzalez argues that the district court erred when it reversed the magistrate court based on its conclusion that there was reasonable suspicion of impaired driving because, Gonzalez contends, that issue was not preserved for appeal.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The magistrate court agreed with Gonzalez and found there was no reasonable suspicion of a traffic violation and granted the motion to suppress on that basis (traffic violation theory). The magistrate court did not address any issue regarding whether Gonzalez's driving gave rise to reasonable suspicion of impaired driving (DUI theory). The district court reversed the magistrate court finding there was reasonable suspicion under a DUI theory rather than addressing the traffic violation theory. Gonzalez argues the district court erred by applying the DUI theory because the issue was unpreserved by the State in the magistrate court. Gonzalez contends not only did the State fail to preserve the DUI theory but the State also "disavowed" the DUI theory during closing statements to the magistrate court.[1] The State maintains that, although the magistrate court did not

---

[1]     While discussing the traffic violation theory, the prosecutor stated:
That driving pattern was crossing the fog line multiple times for a prolonged amount of time, and that is reasonable suspicion for an infraction. We're not talking about reasonable suspicion for the DUI. Anything about Officer Hurst and

address the issue, it preserved the DUI theory in the suppression hearing testimony and argues that Gonzalez is taking the State's closing statement out of context. Alternatively, the State asserts that, under the right result wrong theory doctrine, we can uphold the district court's reversal of the magistrate court because the magistrate court erred in finding there was no reasonable suspicion of a traffic violation.

We need not reach the question of whether the DUI theory was preserved in the magistrate court. Even if the district court erred in addressing the DUI theory, the district court's reversal of the magistrate court was correct under the right result-wrong theory doctrine. Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper legal theory. *State v. Diaz*, 158 Idaho 629, 636, 349 P.3d 1220, 1227 (Ct. App. 2015). And, as noted, when the district court reverses the magistrate court, we owe no deference to the district court's decision.

The magistrate court relied on *State v. Neal*, 159 Idaho 439, 362 P.3d 514 (2015) and *State v. Fuller*, 163 Idaho 585, 416 P.3d 957 (2018) to find no reasonable suspicion of a violation of I.C. § 49-637(1). Idaho Code § 49-637(1) states, in pertinent part:

> Whenever any highway has been divided into two (2) or more clearly marked lanes for traffic the following, in addition to all else, shall apply:
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety.

In *Neal*, the Idaho Supreme Court considered whether driving onto, but not over, a fog line was sufficient to constitute reasonable suspicion of a violation of I.C. § 49-637(1). *Neal*, 159 Idaho at 442, 362 P.3d at 517. The Court held "that driving onto but not across the line marking the right edge of the road does not violate [I.C. §] 49-637 and therefore the officer's stop . . . was not justified." *Id*. at 447, 362 P.3d at 522. In *Fuller*, the Court expanded its holding in *Neal*. In *Fuller*, the front passenger-side tire crossed the fog line once and Fuller did not have her turn signal on at the time. *Fuller*, 163 Idaho at 587, 416 P.3d at 959. The Court concluded that "an isolated incident of temporarily crossing the fog line . . . does not violate section 49-637(1)." *Id*. at 590, 416 P.3d at 962.

what was told to him is not really at issue, it's just about that initial stop and that multiple crossing of the line is reasonable suspicion.

"*Fuller* left open the possibility that law enforcement, and reviewing courts, could appropriately find that reasonable suspicion of a violation of I.C. § 49-637(1) may be based upon driving behavior relative to the fog line." *State v. Devan*, 168 Idaho 242, 246, 482 P.3d 577, 581 (Ct. App. 2020). In *Devan*, the officer observed the defendant drive both passenger tires across the fog line, straddling the line for three to five seconds--approximately 100 yards and "encroaching on the shoulder of a roadway used by pedestrians and cyclists." *Id.* Additionally, there was no explanation for the driving pattern because the roadway was straight and unobstructed. *Id.* at 243, 482 P.3d at 578. This Court determined the conduct was distinguishable from *Neal* and *Fuller*, and sufficient to warrant a traffic stop because the conduct was not isolated or temporary incidences. *Id.* at 246-47, 482 P.3d at 581-82.

Gonzalez argues this case is distinct from *Devan* because in *Devan* this Court found the driver "encroach[ed] on the shoulder of a roadway used by pedestrians and cyclists." *Id.* at 246, 482 P.3d at 581. Sergeant Hodges was not aware of the bike lane at the time where he pulled Gonzalez over, but the existence of a bike lane is not dispositive under *Devan*. The presence of a bike lane can be important information for an I.C. § 49-637(1) violation, but reasonable suspicion is evaluated under the totality of the circumstances.

Here, Gonzalez's vehicle crossed over the fog line with its passenger side tires three or four times. The final time the vehicle's passenger tires crossed the fog line by about one foot and remained over the fog line for approximately 200 yards, twice the distance in *Devan*. There was nothing obstructing the roadway to explain this conduct. Because Gonzalez's driving pattern was not temporary or an isolated occurrence, considering the totality of the circumstances, there was reasonable suspicion of a violation of I.C. § 49-637(1), which requires one to drive as nearly as practicable to maintain the marked lane. Thus, Gonzalez has failed to show the district court erred in reversing the magistrate court.

## IV.

## CONCLUSION

Because there was reasonable suspicion of a traffic violation, as well as impaired driving, the magistrate court's order granting Gonzalez's motion to suppress was in error. The district court correctly reversed the magistrate court. Accordingly, we affirm the district court's order.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.